TRANSPORTATION SERVICE Co., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 360. Argued July, 1946 —Decided July 11, 1946.

*Mr. León Parra* for petitioner. *Frank Torres* for workman's beneficiaries.

Mr. Justice de Jesús delivered the opinion of the court.

José Antonio García, a laborer, worked as a motor truck helper of his employer the Transportation Service Company. In the course of his employment, on April 7, 1945, while the truck was traveling from Adjuntas to Ponce, García fell on the road, his head being run over by the truck, as a result of which he died instantly. The employer was insured and upon the case being investigated by the Manager of the State Fund the latter granted to the workman's parents, his sole beneficiaries, a compensation of $2,275. Not being satisfied, they appealed to the Industrial Commission and alleged, that since on the date of the accident the workman was 17 years, 4 months, and 13 days of age, he had been employed in violation of the law regulating the employment of minors, and they asserted their right to receive an additional compensation from the employer of double the amount granted by the Manager of the State Fund. They relied on subdivision 5 of § 3 of the Workmen's Accident Compensation Act, as amended by Act No. 162 of 1943 (Laws of 1943, p. 524), which, in its pertinent part, provides:

"In the case of workmen under eighteen (18) years of age, employed in violation of the laws regulating the employment of minors in force on the date of the employment, who suffer injuries or contract occupational diseases, in accordance with the terms of this Act, the compensation belonging to them for any permanent disability they may suffer, or to their beneficiaries in case of death, shall be double the amount belonging to a workman eighteen (18) years of age legally employed; *Provided,* That the double penalty to which this Section refers shall not be applicable to the case of an employer who has been induced to error by the physical appearance of the minor or by a sworn statement made by the father, the mother, or the tutor or guardian of the minor prior to the minor's employment, stating that he is of age . . . "

The employer, in turn, alleged that when he hired the laborer he was led into error by his physical appearance and because he had been doing the same kind of work for other

employers, for which reason he believed in good faith that the workman was of age. To support his contention he presented in evidence the testimony of Carlos Nicole, owner of a truck business, for whom the minor worked in a similar job during the months immediately preceding his employment by the Transportation Service Co. It also presented the pay roll of the truck business of Mr. Nicole, several photographs of the workman, and the testimony of several witnesses, some of whom were mechanics and other chauffeurs who knew the deceased. This evidence was presented for the purpose of proving that, considering his physical appearance and the strength which he displayed in his employment, no one could have suspected that the workman was under 21 years of age.

Relying on § 15 of Act No. 230 ''To Regulate the Employment of Minors . . . ,'' approved May 12, 1942 (Laws of 1942, p. 1298),[1] and on *Heirs of Lledó* v. *Industrial Commission*, 65 P.R.R. 404, the commission decided that, since the minor had been employed in violation of the statute in an occupation which was declared injurious to the life and health of the minor, for which employment the workman had not been legally authorized by his parents or by officers of the Department of Labor, the defense contemplated by subdivision 5 of § 3 of the Workmen's Accident Compensation Act did not lie. And referring to the evidence presented by the employer the commission stated the following:

''In our opinion the defense set up by the employer in this case is untenable and we see no need for the Industrial Commission to go at length into the evidence introduced or to decide the question raised as to the photographs of the deceased workman.''

---

[1] Said § 15, in its pertinent part, provides:

''No minor under eighteen (18) years of age shall be employed, or permitted, or suffered to work in, or in connection with, any of the following occupations which are declared injurious to health and life:

''* * * * * * *

''As driver or helper of a motor vehicle, meaning by helper any person riding in the vehicle who does any work in connection with the distribution of merchandise.''

Upon denying the reconsideration sought by the employer, the commission made its position clearer by stating:

"In other words, the contention of the Industrial Commission is that in those cases where the minor workman is hired to work in an occupation which has been declared injurious to the life and health of the workman, pursuant to Section 15 of the Act regulating the employment of minors, the defense that the employer was induced to error by the physical appearance of the minor may not be established. It is the opinion of the Industrial Commission that this defense only lies in other cases enumerated in the Act where the workman is employed to work without the permit of the Department of Labor."

And referring again to the evidence presented by the employer, it said:

"Undoubtedly if we were to consider this defense in the present case, we would have to give serious consideration to the evidence presented by the employer, inasmuch as it was sufficiently convincing to warrant the theory established by him; but, as we have just pointed out, the Commission is of the opinion that such a defense cannot be asserted in a case like the present one wherein the workman was employed to work in one of the perilous occupations, according to the statute, and as was held by the Supreme Court any person thus acting violates the statute for which violation no authority can be obtained from the parents or from the Department of Labor."

Subdivision 5 of § 3 of the Workmen's Accident Compensation Act, as amended by the aforesaid Act of 1943, in providing that the penalty referred to in said Act is not applicable "to the case of an employer who has been induced to error by the physical appearance of the minor or by a sworn statement made by the father, the mother, or the tutor or guardian of the minor prior to the minor's employment, stating that he is of age," establishes no difference between an occupation which has been declared injurious and one which is not.[2]

---

[2] Sudivision 5 of § 3 was again amended by Act No. 284 of May 15, 1945, after this accident took place, eliminating the proviso on which the employer relies.

The case of *Heirs of Lledó v. Industrial Commission, supra,* does not support the contention of the Industrial Commission. The defense alleged therein was to the effect that the employer was led into error by the physical appearance of the minor, but the evidence on which the employer relied was not believed by the commission and consequently the defense was not established. The employer also alleged in that case that the workman's father had stated verbally that his son was of age and it was held that, since the law requires that in order for the defense to be established a sworn statement must be made by the father, the mother, or the guardian of the minor, the employer's defense was overruled. The fact that in the last paragraph of the opinion in the *Lledó* case it was stated that the work in which the minor was employed was an occupation perilous to his health and life, for which no authority could be lawfully granted by his parents nor by the officers of the Department of Labor, does not mean that the employer was not entitled to set up the defense that he was led into error by the minor's physical appearance.

The decisions of the Industrial Commission are erroneous and they should be reversed, but since in the decisions under review the findings of fact were not set forth, we feel bound to remand the case for a new decision setting forth said findings and applying thereto the law laid down in this opinion.